# GEORGE P. DAVIS ET AL.

## V.

## COMMISSIONERS OF HIGHWAYS.

*Highways—Commissioners of—Bill to Enjoin—Sec. 4, Page 69, Sess. Laws, 1885—Sec. 71, Chap. 121, R. S., Practice.*

1.   A person wishing to drain his lands into a highway must have the consent of the commissioners, unless the proposed drain is in the course of nature.

2.   The ditches referred to in Sec. 71, Chap. 121, R. S., mean those which have by some means been properly placed in given highways.

3.   Such section can not be looked upon as giving adjoining land owners an unqualified right to impose upon a given highway such a burden as is contended for in the case presented.   It must be construed in connection with Sec. 4, Page 69, Sess. Laws, 1885.

4.   A cross-bill wherein the relief prayed is similar to that sought in the original bill in a given case should be dismissed, if the theory of the latter is unsound.

Davis v. Commissioners of Highways.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. J. E. POLLOCK and JOHN T. LILLARD, for the appellants.

Messrs. NEVILLE & LINDLEY, for appellees.

WALL, P. J.    The appellants filed a bill in chancery against the appellees to restrain the latter from interfering with a certain tile drain in a highway and from filling a ditch in the highway into which said drain emptied.

The bill alleged that appellants Davis and Swayne were owners of Sec. 13 in Normal township, and that appellant Schell was the owner of a part of Sec. 18 in Towanda township; that a public highway runs along the line between the two townships, which road is under the care of the appellees; that appellants Davis and Swayne had constructed a tile drain, commencing in the south part of their section and running in a northeasterly direction, crossing the highway in three different places and emptying into a ditch on the east side of the highway, which ditch it was alleged had been constructed by the commissioners of highways some ten years before; that after the said tile drain had been so constructed, the appellees notified the agent of appellants Davis and Swayne that they must extend the same along said ditch for a certain distance or remove it altogether; and that afterward the commissioners, appellees, tore out the tile, filled the head of the ditch and turned the water across the road into a natural channel.    The bill prayed for an injunction against a repetition of such acts, and a temporary injunction having been obtained, the appellants Davis and Swayne replaced the tile and opened the ditch.

Appellant Schell filed his cross-bill, having been made a party, and prayed for relief similar to that sought by the original bill.    Appellees answered the bill averring that the nat-

ural course for the water from Sec. 13 was across the highway through a culvert (a short distance south of the point where the tile entered the ditch) over and across the lands lying east of the highway; that the said ditch on the east side of the highway was not a natural outlet for said drainage and had not been made by the highway commissioners but by the unauthorized action of others; that it crossed land which was naturally higher than the lands of Davis and Swayne and that in order to drain into said ditch with said tile, it had been necessary to deepen the ditch, and that when the commissioners saw what had been done they notified the agent of Davis and Swayne to remove their tile or carry it further east, and justified their action in removing the tile from the highway and turning it into the natural channel through the culvert and across the highway to the lands lying east.  Replications were filed to the answers to original and cross-bills.

The cause was referred to the master and a large amount of testimony was taken.

The court upon hearing entered its decree, in which it found and adjudged as follows: " And the court being fully advised in the premises, doth sustain the exceptions to master's report in part, and overrule the residue of such exceptions; finds that when the open ditch on the east side of the highway in controversy was made, that the water from complainants' lands did not naturally flow in the line of said open ditch on said highway, but that said open ditch was cut through a rise in the ground in said highway, and that it was made because ditches had not been opened along the depression east of said highway, through the lands of the cross-complainant Schell, through which lands of said cross-complainant the natural water-course for the drainage of complainants' lands then was and still is; and that without the consent of the commissioners of highways, the complainants laid a tile drain over their land and across the highway into said open ditch and deepened the said open ditch on the east side of said high-way about fifteen inches deeper than said open ditch was before complainants laid their tile drains, in controversy, and that the increased amount of water brought by tile drains of

Davis v. Commissioners of Highways.

complainants into said open ditch would tend to deepen and widen said open ditch in said highway and render the same dangerous to the said highway; that the said commissioners of highways, so soon as they learned of what complainants had done, and had so deepened said open ditch and had connected their said tile drains with the same, and would thereby increase the flow of water in said open ditch, notified complainants that the commissioners would not consent to what had been done by complainants, and would not consent that said open ditch should remain open and carry said increased flow of water, and notified complainants that the commissioners would insist that complainants should continue their tile drain north in said open ditch through said rise in said highway, or that complainants should change their tile drains so as to run it straight across the road in the natural channel, for the water to flow in, and cause the water to flow in said natural channel onto the land of the cross-complainant, Schell.

"The court further finds that the whole length of the tile drains of complainants, which the complainants connected with said open ditch, is about 320 rods. It is therefore ordered, adjudged and decreed by the court that the complainants have ninety days from the date of this decree in which they may, if they so desire, extend their said tile drain, which now connects with said open ditch, north in said open ditch, through said rise in the ground in said highway, and in case they do so, said commissioners and their successors in office shall in no way interfere with such tile drain throughout the whole length of said tile ditch, if the complainants so choose, but said tile drain shall terminate when laid, at some point which shall be in the natural course of the water as shown by the plats filed with the bill and answers, and by the evidence in the case. It is further ordered, adjudged and decreed that after the expiration of said period of ninety days from the date of this decree, the injunction heretofore granted in this cause be wholly and fully dissolved, and the defendants herein shall have the full right and power, after the expiration of said period of ninety days, to fill up said open ditch as they may see proper; and as to said cross-bill of Edward E. Schell,

the court orders and decrees that the same be dismissed for want of equity. It is further ordered, adjudged and decreed that the complainants pay the costs of this suit."

Assuming, as we fairly may, that the evidence is sufficient to support the findings, we think the appellants have no just cause to complain of the decree.

The owners of Sec. 13 sought to carry their drainage into a channel where it did not naturally go, and thus lay a burden upon the highway. The ditch was not deep enough to receive this drainage, and it was necessary to deepen it. Obviously the result would be to make it still deeper, by the increased flow of water, and thus to impair the highway, rendering it less useful and more unsafe. We know of no common law principle, nor any provision of statute, that will support such a proceeding.

By the common law, the waters from this land might flow according to natural depression of the surface across upon the lands lying east. The statute has not changed, but rather recognized the doctrine of the common law in this regard. It provides, Sec. 4, p. 69, Sess. Laws 1885 : "Owners of land may drain the same in the general course of natural drainage, by constructing open or covered drains discharging the same into any natural water-course, or into any natural depression, whereby the water will be carried into some natural water-course, or into some drain on the public highway, with the consent of the commissioners thereto, and when such drainage is wholly upon the owner's land, he shall not be liable in damages therefor to any person or persons or corporation."

When one wishes to drain into the highway he must have the consent of the commissioners, unless the proposed drain is in the course of nature.

It is argued that by Sec. 71, Chap. 121, R. S., the statute has recognized the right to drain into the highway at the will of the owner. The clause so relied upon is an exception to a section fixing a penalty for obstructing a highway by placing anything thereon, or by digging ditches, etc., and authorizing the commissioners to remove such obstacles and fill up the ditches, "except ditches necessary to the drainage of an adjoining farm emptying into a ditch upon the highway."

This language must be construed in connection with that of Sec. 4, above quoted. It would, we think, be a forced and unnatural construction, if it stood alone, to regard it as sufficient to give to adjoining land owners an unqualified right to impose such a burden upon the highway as is here contended for. But it will be noticed it is only where the ditch is necessary to drain the adjoining farm that it may empty into a ditch upon the highway. In the present case the court found, upon sufficient evidence, that the drain which the commissioners removed need not necessarily empty into the ditch in the highway. It could as well and more naturally empty into the culvert which was in the natural line of depression, and so pass over to the east side. Were it not so, however, we must hold that the ditches referred to in the exception are such as have by some means been properly placed in the highway. The exception is a mere saving clause to protect any ditches that may lawfully be there, *e. g.*, by the consent of the commissioners previously obtained, or by some other possible means.

The cross-bill of Schell can rest upon no better foundation than the original bill of Davis and Swayne, and if the theory of the latter is unsound, was of course, properly dismissed. We find no error of which appellants may complain.

The decree will be affirmed.

*Decree affirmed.*